IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FERNANDO MOORE,                                            CV. 06-770-PK
                         Plaintiff,

                                                           FINDINGS AND
                                                           RECOMMENDATION

v.


OREGON INSTITUTE OF
TECHNOLOGY and KLAMATH
FALLS POLICE DEPARTMENT,
                         Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Fernando Moore ("Moore") filed this suit pro se against the Oregon Institute of

Technology ("OIT") and the Klamath Falls Police Department ("Department") alleging

violations of 42 U.S.C. § 1983, for actions that occurred in 1997.  Both OIT and the Department

filed motions to dismiss based on the statute of limitations.  This court has jurisdiction pursuant

to 28 U.S.C. § 1331.  For the reasons set forth below, this court recommends granting

defendants' motions to dismiss (#7, #14).

Page 1 - FINDINGS AND RECOMMENDATION

LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A defendant may bring a motion to dismiss the complaint for violation of the statute of limitations if the violation is evident from the complaint.  See Tregenza v. Great American Communications Co., 12 F.3d 717, 719 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994).

If the failure to comply with the statute of limitations is not apparent from the face of the complaint, the court may consider evidence submitted outside the complaint and treat the matter as a motion for summary judgment.  Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.")

Here, Moore's complaint does not allege any dates related to the alleged violation of his civil rights.  But in response to defendants' motions to dismiss, Moore submitted documentation that clarifies those dates and, as discussed below, makes this matter appropriate for disposition by summary judgment.

FACTUAL BACKGROUND

In early 1997, Moore was a student at OIT and resided in one of its dormitories. Sometime prior to June 1997, Moore was arrested by the Klamath Falls Police Department and taken into custody.  Moore was held at the Klamath County Jail awaiting transfer to the state

penitentiary.

Moore alleges that in 1997, OIT released his personal property, including an automobile

containing Moore's checkbook, from a campus storage area to John Thomas Patrick Slinn

("Slinn") without consent.[1]  Slinn then forged Moore's signature on several checks and cashed

them, and transferred Moore's automobile to one Pamela Martin.

Moore immediately took action to have his property returned and to have Slinn

prosecuted for theft and forgery.  The record indicates that Moore contacted the City of Klamath

Falls Police Department in July 1997, the Oregon Department of Justice, Criminal Justice

Division, in August 1997, the Washington Mutual Bank in April 1999, the King County Office

of Citizen Complaints-Ombudsman in July 1999, the Oregon Department of Justice, Civil

Enforcement Division, in May 2000, the Federal Bureau of Investigation in February 2002, and

the Social Security Administration in May 2002.  He was repeatedly advised that he should

pursue civil remedies against Slinn.

In May 2006, Moore filed this action claiming that the conduct of OIT and the City of

Klamath Falls Police Department[2] in 1997 violated his civil rights under the United States and

Oregon Constitutions.

---

[1]In a letter to Moore dated June 6, 1997, OIT acknowledged some problem in releasing Moore's property and advised that OIT would only release the remaining property to Myron Gitnes, an attorney at law, or to a person authorized by Moore.  OIT gave Moore until July 1, 1997, to take some action regarding this additional property.  Apparently no action was taken and the remaining property, including a bed, was disposed of by OIT.

[2]The basis of the City of Klamath Falls Police Department's liability is unclear in Moore's Complaint.  While he may be alleging that the department conspired with OIT to deprive him of his civil rights, Moore cites to 18 U.S.C. § 4 and may be claiming that the department is guilty of misprison of a felony.

Page 3 - FINDINGS AND RECOMMENDATION

ANALYSIS

Moore alleges that the action or inaction of OIT and the Klamath Falls Police Department in connection with the disposition of his personal property violated his civil rights under the U.S. and Oregon Constitutions.  Specifically, Moore alleges violation of the First, Ninth and Fourteenth Amendments to the U.S. Constitution and Article I, §§ 1, 10, 13, 20 and 33 of the Oregon Constitution.  In response to defendants' motions to dismiss, Moore also makes vague reference to claims of race discrimination and denial of equal protection.

The statute of limitations for actions brought under 42 U.S.C. § 1983 is governed by the single analogous state statute for personal injury actions.  42 U.S.C. § 1988.  In Oregon, the most analogous state statute is the Oregon Tort Claims Act, which provides a two-year statute of limitations.  See Davis v. Harvey, 789 F.2d 1332, 1333 (9th Cir. 1986); Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002).  The alleged misconduct of OIT and the Department occurred in 1997 and Moore did not file his complaint with this court until May 30, 2006.  Absent some basis for tolling, Moore's complaint was filed beyond the applicable statute of limitations and should be dismissed.

When a state's limitations period is used in a § 1983 action, the state's accompanying tolling rules must also be used under Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980).  See, e.g., Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir. 2000) (applying California tolling provision to inmate's § 1983 claim).  Construing Moore's complaint and the documents he submitted in response to defendants' motions to dismiss liberally and in the light most favorable to him, there are no set of facts presented that would support the tolling, equitable or otherwise,

of the two year statute of limitations in this case.[3]  Moore's complaint should be dismissed with

prejudice as to both defendants.

Defendant OIT also moves to dismiss Moore's complaint based on insufficient service of

process because Moore served OIT by certified mail.  As the statute of limitations bars Moore's

complaint, this court need not decide whether service on OIT was deficient.

Defendant Klamath Falls Police Department also moves to dismiss Moore's complaint

based on the nonexistence of the legal entity "Klamath Falls Police Department".  The

supporting documentation for this defendant's motion to dismiss includes a crime report from the

"Klamath Falls Police Department."[4]  Pro se status "informs and colors the lens" through which

the court views filings.  Roy v. Czerniak, 465 F.3d 964, 970 (9th Cir. 2006).  Though Moore

appears to have addressed his complaint adequately based on information available to him,

because the statute of limitations bars Moore's complaint, this court need not decide whether the

Klamath Falls Police Department was a properly named party or legal entity in this action.

///

///

///

///

---

[3]In 1997, ORS 12.160(3) tolled the running of the statute of limitations for claims that accrued during a claimant's incarceration.  That statute was amended on October 4, 1997, to remove the tolling provision.  Until it was amended, the statute provided that in any event the limitation period would not be extended more than five years by any such disability.  Even applying ORS 12.160(3), Moore's complaint was filed well beyond the limitation period.

[4]See also http://www.kfpd.us/index.aspx (official website for the City of Klamath Falls Police Department which refers to itself as both "City of Klamath Falls Police Department" and "Klamath Falls Police Department").

Page 5 - FINDINGS AND RECOMMENDATION

CONCLUSION

For the foregoing reasons, this court recommends granting defendants' motions to dismiss

(#7, #14).  A judgment should be prepared dismissing this action with prejudice.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review.  Objections, if any, are due February 22, 2007.  If no objections are filed,

review of the Findings and Recommendation will go under advisement on that date.  If

objections are filed, a response to the objections is due fourteen days after the date the objections

are filed and the review of the Findings and Recommendation will go under advisement on that

date.

Dated this 7th day of February, 2007.


 /s/ Paul Papak

Honorable Paul Papak
United States Magistrate Judge